I must respectfully dissent from the judgment and opinion of the majority for the following reasons.
As part of its case against appellant, the state presented the testimony of Donna Abbott ("Abbott"), a pediatric nurse practitioner at Children's Hospital Medical Center of Akron. Abbott testified that the victim was brought to the hospital in April 1996 for an evaluation. During the initial interview, the victim told Abbott that appellant had sexually abused him in December 1995. A subsequent physical examination of the victim revealed no signs of sexual abuse or other trauma. Nevertheless, based on the entire evaluation, Abbott concluded that the child had been the victim of sexual abuse.
Appellant's attorney did not object to this testimony during the trial. Moreover, appellant has failed to challenge its admittance on appeal. However, after reviewing Abbott's testimony in its entirety, I conclude that its admission was plain error, and that appellant's conviction should, accordingly, be reversed and the matter remanded for further proceedings.
Under Crim.R. 52(B), this court has the power to recognize plain error or defects involving substantial rights even if they were not brought to the attention of the trial court. State v. Moreland (1990),50 Ohio St.3d 58, 62. In the context of a criminal case, a court of review should invoke the plain error doctrine with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Jenks (1991), 61 Ohio St.3d 259, 282;State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus;State v. Holley (Dec. 17, 1999), Ashtabula App. No. 98-A-0089, unreported, at 26, 1999 Ohio App. LEXIS 6101. Accordingly, it is generally accepted that plain error does not exist unless, but for the error, the outcome of the proceeding would have been different. Jenks at 282; Moreland at 62; Long at paragraph two of the syllabus; Holley at 26-27.
In State v. Boston (1989), 46 Ohio St.3d 108, 128, the Supreme Court of Ohio held that "an expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible pursuant to Evid.R. 702 and 704." See, also, State v. Gersin
(1996), 76 Ohio St.3d 491, 494; State v. Wolfe (1992), 81 Ohio App.3d 624,631. However, despite the admissibility of such testimony, "[a]n expertmay not testify as to the expert's opinion of the veracity of the statements of a child declarant." (Emphasis added.) Boston at syllabus.
The expert in Boston based her opinion that sexual abuse had occurred on a medical examination of the victim, statements made by the victim, and the child's medical history. In particular, the medical examination revealed that there had been "a probable vaginal penetration and a possible rectal penetration." Boston at 128.
Unlike Boston, there was no physical evidence that the victim had been sexually abused in the case at bar. As a result, Abbott was forced to rely solely on the child's statements when reaching her conclusion that abuse had occurred. In other words, Abbott's testimony that the victim had been sexually abused merely constituted an affirmation of the child's allegations.[1] As the Supreme Court noted in Boston, "the admission of [such] testimony was not only improper it was egregious, prejudicial, and constitutes reversible error." Boston at 128.
Having said that, I do not believe that there must always be physical evidence present before an expert can render a valid opinion on whether a child has been sexually abused. Rather, there simply has to be something other than the child's unsupported allegations that assisted the expert in arriving at his or her opinion. This would obviously include physical evidence, but could also involve the expert's observations of the child's demeanor or other indicators tending to show the presence of sexual abuse.
To allow an expert's opinion to be introduced when it is based solely on statements made by the child would, in essence, be the same as allowing the expert to testify about the child's veracity. Such testimony is clearly impermissible under Boston, and should be excluded.
Accordingly, because I conclude that Abbott's testimony was highly prejudicial and affected appellant's substantial rights, its admittance rose to the level of plain error. For these reasons, I respectfully dissent from the majority's opinion and judgment.
[1] The following exchange occurred between Abbott and appellant's attorney during cross-examination:
 "Q. Ms. Abbott, when you say that your conclusion was that he was a victim, what you are telling the Ladies and Gentlemen of the Jury, is that after talking to this young man, and only this young man for a period of half an hour, you believed his story?
"A. Yes."